IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LYDIA M. ROBINSON, *Plaintiff,* v. WILLIAM JAMES DERRAH, SR., and LANEKO ENGINEERING COMPANY, *Defendants.* | CIVIL ACTION NO. 16-06323 |

**PAPPERT, J.**                                                                                                  May 22, 2017

**<u>MEMORANDUM</u>**

**I.**

**A.**

This is the second lawsuit brought by Thomas E. Robinson, Jr. against William Derrah and the Laneko Engineering Company. The first time around, Thomas, Jr. unsuccessfully sued the Defendants in the Montgomery County Court of Common Pleas. *See Robinson v. Laneko Eng'g Co. et al.*, No. 14-5036, ECF No. 1, at 10. In that case, he alleged that the Defendants owed him benefits under his father Thomas Sr.'s ERISA-governed pension plan ("the Plan"). (*Id.* at 11–13.) The Defendants removed the case and the Court eventually granted the Defendants' motion for summary judgment on the grounds that Thomas, Jr. lacked standing to pursue his father's benefits. *Robinson v. Laneko Eng'g Co. et al.,* No. 14-5036, 2015 WL 4000145, at 4–5 (E.D. Pa. July 1, 2015). Because Thomas, Jr. was not the Plan participant, the Court held that he would only have standing to recover his father's benefits if he were a plan beneficiary. *Id.* He failed, however, "to show that he [was] 'a person designated by a

participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder'" and therefore could not show he was a plan beneficiary under ERISA. *Id.*

The Court also noted that Thomas, Jr. failed to produce evidence that could prove what type, if any, retirement distribution his father selected. *Robinson*, 2015 WL 4000145, at *1. Thomas, Jr. had produced his father's Participant Election Form, which allowed participants of the Plan to select one of four options to receive their retirement benefits. *See id.* The form, dated May 5, 1999, indicated that "option four (the annuity) [was] selected." *Id.* The form, however, was unsigned. *Id.* Thomas, Jr. appealed the Court's decision and the Third Circuit Court of Appeals affirmed. *See Robinson v. Laneko Eng'g Co.,* 634 F. App'x 355 (3d Cir. 2016) (Mem.).

**B.**

Thomas, Jr., who is not a lawyer, now purports to sue for the same benefits on behalf of his mother, Lydia Robinson. Lydia Robinson ostensibly filed the Complaint in this case on November 22, 2016. (ECF No. 1.) On January 5, 2017, Lydia purportedly made two additional filings: a motion requesting appointment of counsel, (ECF No. 2), and a request for leave to allow Thomas, Jr. to make all legal and litigation decisions pertaining to the case, (ECF No. 3). The Court denied Lydia's request to appoint her counsel, *see* (ECF No. 10), and has not granted Lydia's request to permit Thomas, Jr. to file on her behalf.

The Defendants moved to dismiss Lydia's Complaint on February 6, 2017. (ECF No. 5.) Lydia did not respond to the motion. In considering the Defendants' motion, the Court reviewed Thomas, Jr.'s prior suit and Lydia's Complaint in the present case.

2

Attached to the Complaint in this case is the same Participant Election Form the Court noted in Thomas, Jr.'s 2014 suit. *See* (Compl., at App. A). The form bears the identical, handwritten date of May 5, 1999, the same annuity option selection and other markings. *See* (*id.*) This time, however, the form also conspicuously bears Lydia Robinson's signature. *See* (*id.*)

On April 7, 2017, the Court issued an order for Lydia and Thomas, Jr. to show cause why sanctions should not be imposed under either Rule 11 of the Federal Rules of Civil Procedure or the Court's inherent powers. (ECF No. 10.) The Order stated that the Court would consider monetary sanctions as well as the sanction of dismissal with prejudice and scheduled the hearing for May 8, 2017. (*Id.*) Lydia contacted chambers for the first time on the morning of May 8 to request that the hearing be rescheduled because it was difficult for her to get to the courthouse. The Court had already arranged for Thomas, Jr. to appear via videoconference from SCI-Graterford, so it declined to reschedule.[1] Lydia later called chambers again, this time stating that she needed an attorney.

Lydia did not attend the hearing that afternoon. Thomas, Jr., appearing via videoconference from prison, explained that he wrote the Complaint and signed it on Lydia's behalf after she approved it. (Hr'g Tr., at 5:9–11.) Lydia, however, personally filed the Complaint with the Court. *See* (*id.* at 15:3–9.) Thomas, Jr. also explained that

---

[1] Robinson, Jr. is currently serving life in prison for first-degree murder. *See Robinson v. Pa. Dep't of Corrs.*, No. 03-5180, 2007 WL 210096, at 1 (E.D. Pa. Jan. 23, 2007); *Com. v. Robinson*, No 3614-2013, 2014 WL 10753773 (Pa. Super. Ct. Dec. 1, 2014).

3

he made the subsequent filings in the case, including the request for appointment of counsel.[2] (*Id.* at 5:21–24.)

The Court then questioned Thomas, Jr. about the Participant Election Form attached to Lydia's Complaint. (*Id.* at 8:2–7.) He explained that the Participant Election Form attached to his copy of the Complaint was unsigned. (*Id.* at 8:8–17.) Defense counsel, also present at the hearing, confirmed that the Participant Election Form attached to his copy of the Complaint was also unsigned. (*Id.* at 8:19–9:3.) Lydia apparently only signed the copy of the form filed with the Court. Thomas, Jr. was uncertain as to why she may have done so. *See* (*id.* at 11:6–9).

## II.

In light of the facts adduced at the hearing, the Court declines to sanction Lydia for her conduct in this case. Before sanctioning a party, the Court must consider six factors: (1) the extent of the party's personal responsibility; (2) prejudice to the adversary and damage to the integrity of the federal courts; (3) a history of dilatoriness on the part of the party; (4) whether the conduct was willful or in bad faith; (5) effectiveness of sanctions other than dismissal; and (6) the merits of the claim or defense. *See Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984); *In re Theokary*, 468 B.R. 729, 750 (E.D. Pa. 2012) (explaining that where the conduct at issue is fraud upon the court, "'prejudice' encompasses not only the prejudice to the litigants but also the impact on the judicial system and the threat to the integrity of the courts" (quoting *Derzack v. Cty. of Allegheny*, 173 F.R.D. 400, 414 (W.D. Pa. 1996))).

---

[2] The Clerk of Court's office received the request for the appointment of counsel, the request for leave, and the motion to stay proceedings in envelopes bearing Thomas, Jr.'s prison return address. *See* (ECF Nos. 2, 3 & 7).

4

These factors are not a checklist but rather a balancing test. Bad faith, however, is "almost always" necessary (though not sufficient) to sanction a party. *Spear v. Comm'r*, 41 F.3d 103, 111–12 (3d Cir. 1994). It is therefore sensible and practical to treat the question of bad faith as a threshold inquiry.

At the show cause hearing, Thomas, Jr. candidly testified that he prepared the Complaint and Lydia reviewed it. (Hr'g Tr., at 14:1–15.) He also stated that he left copies of the Complaint in Lydia's care so that she could file it with the Court. (*Id.* at 15:3–9.) Thomas, Jr. believed Lydia must have signed the attached Participant Election Form before filing the Complaint with the Court. *See* (*id.* at 11:6–9). Defense counsel's statement that the copy of the Complaint served upon his client was unsigned seems to corroborate Thomas, Jr.'s assumption. (*Id.* at 8:19–9:3.)

The sanction of dismissal with prejudice should be reserved for only rare cases. *See Spear*, 41 F.3d at 112 (citing *Hicks v. Feeney*, 850 F.2d 152, 156 (3d Cir. 1988); *Donnelly v. Johns-Manville Sales Corp.*, 677 F.2d 339, 342–43 (3d Cir. 1982)). Considering the evidence as a whole, Lydia may have mistakenly signed the Participant Election Form when filing the Complaint with the Court. Whatever may have happened, the evidence is insufficient to establish that Lydia acted in bad faith when signing the Participant Election Form.

## III.

Lydia's Complaint must nevertheless be dismissed. As Thomas, Jr. noted at the hearing, he has pursued this case and made several filings with the Court on Lydia's behalf. *See* (*id.* at 5:21–3). He does not dispute that he has represented Lydia to this point. Instead, he contends that he is permitted to do so based on two documents: the

5

assignment of power of attorney from Lydia to Thomas, Jr., (ECF No. 1, at App. B), and the request for leave to allow Thomas, Jr. "to make all legal and litigation decisions pertaining to this case on her behalf." (ECF No. 3.) The request for leave also purports to grant Thomas, Jr. the "authority to pursue, and obtain her late husband's pension benefits on her behalf, including litigation." (*Id.* ¶ 1.) Based on these forms, Thomas, Jr. has pursued this case on Lydia's behalf. *See, e.g.*, (Hr'g Tr., at 4:8–9).

Power of attorney confers the authority to make certain legal decisions on behalf of another. *Cf.* 20 PA. C.S.A. §§ 5601–14. It does not, however, authorize the holder to act as an attorney in court. *See, e.g.*, *Itiowe v. Robert Wood Johnson Univ. Hosp. Hamilton*, 556 F. App'x 125, 125 (3d Cir. 2014) ("[A] party may not represent another pro se" even where purportedly authorized by a power of attorney); *Williams v. United States*, 477 F. App'x 9, 11 (3d Cir. 2012) (per curiam) ("Faison Williams's power of attorney for her father may confer certain decision-making authority under state law, but it does not permit her to represent him pro se in federal court."); Estate *of Keatinge v. Biddle*, 316 F.3d 7, 14 (1st Cir. 2002) ("[T]he holder of a power of attorney is not authorized to appear pro se on behalf of the grantor."); *Osei-Afriyie ex rel Osei-Afriyie v. Med. Coll. of Pa.*, 937 F.2d 876, 882–83 (3d Cir. 1991); *Yoder v. Macmain Law Grp., LLC*, No. 16-5221, 2016 WL 6519101, at *2 (E.D. Pa. Nov. 1, 2016) ("[A] power of attorney does not, in fact, allow a non-attorney to represent others in federal court." (citing *Osei-Afriyie*, 937 F.2d at 882–83)). Nor does Lydia's purported delegation of legal rights to Thomas, Jr. allow him to pursue the case on her behalf. For one, the Court never granted the request for leave. Even if it had, doing so would be impermissible under the cases cited above.

If Lydia wishes to pursue this claim, she may do so on her own or through counsel. But those are her only options to proceed in federal court.³ *Williams*, 477 F. App'x at 10–11 (citing 28 U.S.C. § 1654). While this limitation may create difficulties for litigants like Lydia, it "is a venerable common law rule" which the Court cannot ignore. *Collinsgru v. Palmyra Bd. of Educ.*, 161 F.3d 225, 232 (3d Cir. 1998); *cf. also Afriyie*, 937 F.2d at 882–83 (barring a non-attorney parent from representing her child pro se in federal court).

If Lydia cannot secure counsel, she is free to refile her Complaint and pursue her legal claims on her own. The right of self-representation dates to the Judiciary Act of 1789 and is codified today at 28 U.S.C. § 1654. *See* 28 U.S.C. § 1654; *Greene v. Frost Brown Todd, LLC*, No. 1843740, at *1, ___ F.3d ___ (6th Cir. 2017); *Leyfert v. Com. of Pa. House of Representatives,* No. 05-4700, 2005 WL 3433995, at *2 (E.D. Pa. Dec. 13, 2005) (noting that "[t]he right of citizens to represent themselves in court dates back to the founding of this country"). But they very term *pro se* is instructive; it informs that a party may appear *for one's self*. *See pro se*, BLACK'S LAW DICTIONARY (10th ed. 2009) (emphasis added). "[A] person may not appear on another person's behalf in the other's cause." *Leyfert*, 2005 WL 3433995, at *2 (quoting *Iannaccone v. Law*, 142 F.3d 553, at 558 (2d Cir. 1998)).

Because Lydia proceeded otherwise, the Court cannot reach the merits of her claim. *Cf. Williams*, 477 F. App'x at 11 ("The District Court should not have reached

---

³     Thomas, Jr. previously submitted a motion for appointment of counsel under 28 U.S.C. § 1915. (ECF No. 2.) The Court denied that motion, however, because on its face § 1915 addresses only "proceedings *in forma pauperis*," and is therefore not a catchall provision to appoint counsel to *pro se* litigants. *See, e.g.*, *Stewart v. Pa. Dep't of Corrs.*, No. 13- 0246, 2014 WL 7157363, at *11 n.6 (W.D. Pa. Dec. 15, 2014) ("28 U.S.C. § 1915(e)(2) is not applicable because Plaintiff is not proceeding *in forma pauperis* in this litigation."); see also (ECF No. 1) (indicating Robinson paid the Court's $400 filing fee).

the merits of [Williams's] father's claim in the absence of proper representation." (citing *Osei-Afriyie*, 937 F.2d at 883)).  The Court will therefore dismiss her Complaint without prejudice.  *Cf. Johnson v. City of Philadelphia*, 2015 U.S. Dist. LEXIS 118906 (E.D. Pa. Sept. 8, 2015) (dismissing complaint without prejudice where non-lawyer relied on power of attorney to attempt to represent another person in court).

An appropriate Order follows.

BY THE COURT:


***/s/ Gerald J. Pappert***
GERALD J. PAPPERT, J.